LYBARGER, APPELLANT, *v.* HUZOVICH, A MINOR, APPELLEE.*

(No. 757—Decided May 6, 1963.)

*Mr. Thomas J. McDermott* and *Mr. Herschel G. Holland,* for appellant.
*Messrs. Carpenter & Paffenbarger,* for appellee.

FESS, J. This is an appeal on questions of law from a judgment of the Common Pleas Court quashing service of summons upon the defendant, a minor.

On May 4, 1956, an automobile in which plaintiff was sitting was struck by an automobile operated by the defendant, a 17-year-old minor. On May 2, 1958, plaintiff filed his petition against the defendant together with praecipe for service, as follows:

"Please issue summons to the Sheriff of Wood County, Ohio, for the defendant, C. Daher Huzovich, a minor, Room 120 Treadway Hall, Bowling Green University [*sic*], Bowling Green,

---

*Motion to certify the record overruled (38301), December 11, 1963. Decided prior to the decision of the Supreme Court in *Robinson* v. *Commercial Motor Freight Co.,* 174 Ohio St., 498.

Ohio, directing him to serve the same personally upon said defendant and also to serve the same upon the father, mother or guardian of the said defendant and if they be not found within his county, upon Harriett Daniels or Ruth C. White, the persons in charge of Treadway Hall, Bowling Green University, Bowling Green, Ohio, the same being the person with whom said defendant resides, directing said sheriff to make due return thereof as provided by law."

The summons issued read, in part, as follows:

"You are hereby commanded to notify C. Daher Huzovich, a minor, Room 120, Treadway Hall, Bowling Green University, Bowling Green, Ohio:

"Also serve personally upon the father, mother, or guardian of said defendant, and if they cannot be found within this county upon Harriett Daniels or Ruth C. White, the persons in charge of Treadway Hall, Bowling Green University, Bowling Green, Ohio."

The summons was issued May 2, 1958, and delivered to the sheriff on May 5th, May 4th being a Sunday. The return of the sheriff upon the summons was as follows:

"Received this writ May 5, 1958 at 9:30 a. m. and on May 5th, 1958, I served the within named Ruth C. White, the person in charge of Treadway Hall, Bowling State [sic] University, Bowling Green, Ohio, by personally handing to her a true and certified copy thereof with all the endorsements thereon and on the 6th day of May, 1958, I served the within named C. Daher Huzovich, a minor, Room 120 Treadway Hall, Bowling Green University, by personally handing to him [sic] a true and certified copy thereof with all the endorsements thereon."

Under special appearance, under date of May 29, 1958, defendant filed a motion to quash service of summons, which was ultimately sustained on February 6, 1963.

On June 25, 1959, plaintiff filed a praecipe for alias summons requesting service on the father of the defendant, as a resident of Mobile, Alabama, by service on the Secretary of State, and on July 10, 1958, the father was served by registered mail in Mobile, Alabama. Under special appearance defendant filed a further motion to quash service on July 25, 1958, which, likewise, was sustained on February 6, 1963. Notice of appeal was filed on February 25, 1963.

Section 2703.13, Revised Code, provides:

"When the defendant is a minor the service of summons must be upon him, and also upon his guardian or father or, if neither can be found, upon his mother, or the person having the care of such infant, or with whom he lives. The manner of service must be the same as in the case of adults, and shall be made on such persons in the order named in this section."

Pursuant to stipulation, depositions taken on behalf of the plaintiff in opposition to the motions to quash, together with an affidavit of the attorney for the plaintiff, are part of the record on this appeal. The testimony adduced by way of deposition tends to show that the Ruth C. White mentioned in the summons was a so-called "house mother" in the same wing of the dormitory in which the defendant resided.

To a large extent, the testimony received relates to the extent of the discipline which Ruth White exercised over the activities of the girls residing in the dormitory, but it seems clear to us from the evidence adduced that Mrs. White was the person having the care of the defendant and with whom she lived at the time the service of summons was made upon her as the terms are used within the purview of Section 2703.13, Revised Code. We, therefore, conclude that service in the instant case was duly made within the time limited for the commencement of the action upon the defendant minor and upon the person having the care of such defendant and with whom she resided.

It is recognized that the summons and the return thereon do not literally comply with the provisions of Section 2703.13, Revised Code, in that the return fails to state that the defendant's guardian, father or mother could not be found and that, therefore, service was made upon Ruth C. White as the person having the care of such minor and with whom the defendant resided.

Upon remand, leave is granted plaintiff to move to amend the summons as well as the return thereon to comply with Section 2703.13, Revised Code. *Paulin* v. *Sparrow*, 91 Ohio St., 279.

In view of the foregoing conclusion it is unnecessary for us to determine whether the alias service upon the father of the defendant in Mobile, Alabama, by service upon the Secretary of State validated the previous personal service upon the minor, herself, on May 5, 1958.

90

The judgment of the Common Pleas Court is hereby reversed and the cause remanded thereto for further proceedings.

*Judgment reversed.*

DEEDS and SMITH, JJ., concur.